A + 6   **INSYNC**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index # 21040/13
Date Filed: 12/4/13

------------------------------------------------------------x
STEVEN BYRD

Plaintiff designates
**KINGS** COUNTY
as Place of Trial

Plaintiff,

The basis of venue is
Place of Occurrence

against

THE CITY OF NEW YORK
P.O. BEERS (Tax. Reg #945498)

*SUMMONS*

Plaintiff's residence
1131 President Street
Brooklyn, NY

Defendant.

2013-051785

------------------------------------------------------------x

To the above named Defendant(s):

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
      December 2, 2013

              Yours, etc.

              **BURNS & HARRIS, ESQS.**
              **Attorneys for Plaintiff(s)**

              BY:
              CHRISTOPHER J. DONADIO
              233 Broadway, Suite 900
              New York, NY  10279
              212 393-1000

100 CHURCH ST.
NEW YORK, NY

6/29/13

KINGS COUNTY CLERK
RECEIVED
2013 DEC -4  AM 11: 54

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                                          Index #
------------------------------------------------------------------x

**STEVEN BYRD**

                                    Plaintiff

                  Against

THE CITY OF NEW YORK,
P.O. BEERS (Tax. Reg. #945498),

                                    Defendants
------------------------------------------------------------------x

21040/13

DEC 04 2013

VERIFIED
COMPLAINT

Plaintiffs, **STEVEN BYRD**, by his attorneys, BURNS & HARRIS, as and for his Complaint herein, alleges upon information and belief, that on June 29, 2013 in the vicinity of Dearborn Ct & Crown Street, County of Kings, City and State of New York (unless otherwise specified):

1.  At all times relevant hereto, Defendant **CITY OF NEW YORK** is a municipality existing under and by virtue of the laws of the State of New York.

2.  At all times relevant hereto, defendant **CITY OF NEW YORK** operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

3.  At all times relevant hereto, Defendant **P.O. BEERS (TAX. REG. #945498),** is employed as a police officer by the Police Department of the City of New York.

4.  At all times relevant hereto, defendant **P.O. BEERS (TAX. REG. #945498)** was, upon information and belief, assigned to the 71st Pct. located at 421 Empire Blvd., County of Kings, City and State of New York.

1

5.  At all times relevant hereto, the defendant was acting in the course of his employment by the CITY OF NEW YORK and POLICE DEPARTMENT OF THE CITY OF NEW YORK.

6.  That all of the conditions precedent to the commencement of an action against the defendant **CITY OF NEW YORK** have been met in that a Notice of Claim was filed with the **CITY OF NEW YORK** on September 24, 2013 on behalf of plaintiff STEVEN BYRD and within 90 days of the accrual of this cause of action; more than thirty (30) days have elapsed since the presentation of the Notice of Claim, and the claim remains unadjusted by the **CITY OF NEW YORK.**   This action has been commenced within one (1) year and ninety days from the accrual of this cause of action, and **THE CITY OF NEW YORK** has conducted a statutory hearing of the plaintiff **STEVEN BYRD** on November 26, 2013.

**FIRST CAUSE OF ACTION:**
**(POLICY OF NON-FEASANCE IN THE**
**PROTECTION OF PLAINTIFF STEVEN BYRD's CIVIL RIGHTS)**

7.  At all times relevant hereto, defendant **CITY OF NEW YORK** employed the Defendant **P.O. BEERS (TAX. REG. #945498),** as a police officer in the New York City Police Department.

8.  Upon information and belief, defendant **P.O. BEERS (TAX. REG. #945498)** is a graduate of The Police Academy of the City of New York.

9.  At all times relevant hereto, defendant **CITY OF NEW YORK** had the duty to competently and sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels, the defendant Officers in the protection of the

2

Constitutional rights of the plaintiff under the Fourteenth Amendment to the United States Constitution.

10. In addition, the defendant **CITY OF NEW YORK,** had the duty to competently and sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels, the defendant officer to conform his conduct to a standard, established by law, for the protection of citizens, such as plaintiff, against unreasonable risk of harm by conducting himself in such a manner as not to intentionally, wantonly, and/or negligently inflict injuries to citizens such as the plaintiff herein.

11. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and/or employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of Kings, and under the authority of their office as police officers of said state, city and county.

12. The defendant **CITY OF NEW YORK** failed to competently and sufficiently hire, train and retain the defendant officer to conform and conduct himself to a statute established by law for the protection of citizens, such as plaintiff, against unreasonable risk of harm by conducting himself in such a manner as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as the plaintiff herein.

13. That on or about June 29, 2013, and prior thereto, the **CITY OF NEW YORK,** in violation of 42 U.S.C.§1983 caused the plaintiff to be injured and damaged in

3

failing to competently hire, train and retain police officers, including but not limited to the defendant officers to conform and conduct themselves to a statute established by law for the protection of citizens, such as plaintiff, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiffs herein.

14. On or about June 29, 2013, the plaintiff, **STEVEN BYRD,** was lawfully and properly present in the vicinity of Dearborn Ct & Crown Street, County of Kings, City and State of New York.

15. On or about June 29, 2013, the defendant **P.O. BEERS (TAX. REG. #945498)** was present and on duty in the vicinity of Dearborn Ct & Crown Street, County of Kings, City and State of New York, as part of his regular and official employment as a police officer for the defendant, **THE CITY OF NEW YORK.**

16. Commencing on June 29, 2013 at approximately 11:15 p.m. the individual defendant officer, assaulted and battered and wrongfully and falsely arrested, detained and confined the plaintiff **STEVEN BYRD,** without probable or just cause, grounds or provocation.

17. Following said assault, battery and arrest, the defendant officers wrongfully detained and arrested the plaintiff **STEVEN BYRD** at the 71st Precinct and imprisoned him.

18. Immediately thereafter, aforementioned defendants, their agents, servants and employees falsely arrested and imprisoned the plaintiff and deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the

4

State of New York, unreasonably handcuffed him too tightly and threatened the plaintiff with the use of physical force and deprived plaintiff of medical treatment.

19. Following said arrest, the defendant officers wrongfully and falsely accused and charged the plaintiff **STEVEN BYRD** with Violations of §221.05 and 240.20(1) of Penal Law of the State of New York and violation §19-176(b) of the Administrative Code under the jurisdiction of the Criminal Court of the City of New York, County of Kings.

20. The false arrest and imprisonment of the plaintiff **STEVEN BYRD** was caused by all of the defendants, their servants, agents and/or employees, without warrant, authority of law, or any reasonable cause or belief that he was, in fact, guilty of the crimes with which he was charged.

21. As a result of the aforesaid arrest, plaintiff **STEVEN BYRD** was forcibly hand-cuffed, detained, transported and treated as a common criminal and incarcerated and imprisoned at various facilities owned, operated, maintained and controlled by the defendant **CITY OF NEW YORK** for approximately 2 hours and thereby deprived of his rights, liberties and freedoms under color of State Law in violation of 42 U.S.C. §1983.

22. As a further result of the deprivation of plaintiff **STEVEN BYRD's** right to be free from the deprivation of rights guaranteed to him by the Fourth, Fifth and Fourteenth Amendment to the United States Constitution, he was caused to suffer injury and damage both mentally and physically, severe nervous shock and emotional distress and illness.

23. On or about June 29, 2013, in violation of the rights, privileges and immunities guaranteed to him under the Fourteenth Amendment to the United States

Constitution and under color of State law, the defendant officers and each of them acting individually and in concert, in violation of 42 U.S.C. Section 1983, while on duty, detained the plaintiff, even though the defendants knew or should have known that the plaintiff was wholly innocent.

24. That all of the actions of the defendants, their agents, servants and/or employees were committed with the intention to cause bodily and mental injury to the plaintiff; to arrest, restrain and imprison the plaintiff without his consent; that the plaintiff was at all times conscious of his arrest, did not consent to the assault, battery, and false arrest, and the assault, false arrest and imprisonment were not otherwise privileged.

25. The assault, battery, arrest and imprisonment of the plaintiff were negligent, reckless and intentional and were not justified by probable cause or other legal privilege and the defendants, their agents, servants and/or employees acting under the color of statute, ordinances, regulations, customs and usages of the State, City and County of New York, and under the authority of their office as police officers for the CITY OF NEW YORK, falsely charged the plaintiff with Violations of §221.05 and 240.20(1) of Penal Law of the State of New York and violation §19-176(b) of the Administrative Code although the defendants, acting in such capacity, knew that such charges were false.

26. That the defendants, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the defendants, their agents, servants and/or employees; that in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State and City of New York is evidence of the

negligence, carelessness and reckless lack of cautious regard for the rights of the public, including plaintiff; and that the defendants exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants.

27. That the defendant **CITY OF NEW YORK**, its agents, servants and/or employees failed to hire, train, supervise, discipline or in any other way control the defendant officers in the exercise of their functions; that their failure to enforce the laws of the State of New York and the City of New York was and is carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences so as to display a conscious disregard for the dangers of harm and injury to citizens of the State and City of New York, including plaintiff herein.

28. That the said prosecution and criminal charges and hearings  instituted and procured by the defendants, their agents, servants and/or employees were unlawful and malicious and without any reasonable or probable cause whatsoever; that the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause with actual malice and terminated in favor of the plaintiff.

29. That on or about June 29, 2013, at approximately 11:15 p.m. of that day, while plaintiff was lawfully and properly in the vicinity of Dearborn Ct & Crown Street, County of Kings, City and State of New York, and at subsequent times thereafter, including but not limited to the 71st Precinct, the defendants, their agents, servants and employees maliciously prosecuted and detained plaintiff **STEVEN BYRD**, without any just right or grounds therefore.

30. That the plaintiff is and was wholly innocent, and was forced by the defendants to submit to court proceedings.

31. The defendants, their agents, servants and/or employees, falsely and maliciously and without probable cause or provocation charged the plaintiff with violation of §221.05 and 240.20(1) of Penal Law of the State of New York and violation §19-176(b) of the Administrative Code.

32. That the defendants, their agents, servants and/or employees acting in the performance of their employment and within the scope of their authority, testified falsely and withheld vital information before a Judge of the Criminal Court of the City of New York, County of Kings.

33. That upon examination, the said charges were falsely and maliciously made. That the Judge of the Criminal Court of the City of New York, County of Kings, dismissed said charges.

34. That the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and/or employees unlawfully and maliciously and without any reasonable or probable cause whatsoever; that the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause.

35. That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and

avocation, was injured in his reputation in the community and the said plaintiff has been otherwise damaged.

36. That at all times hereinafter mentioned, the defendant police officer was employed in his capacity by the defendant **CITY OF NEW YORK** and was acting under the color of his official capacity and his acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the **CITY OF NEW YORK**.

37. That at all times hereinafter mentioned, the defendant Police officer acted in his individual capacity.

38. That at all times hereinafter mentioned, the defendant police officer acted in his official capacity.

39. Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and/or employees, the defendant **CITY OF NEW YORK** has not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

40. The unlawful and illegal conduct of the defendants, their agents, servants and/or employees and each of them, deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and of the State of New York:  The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States; the right of plaintiff to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments to the Constitution of the United States; and the right of

plaintiffs not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

41. That the deprivation of plaintiff's constitutional rights was the result of a custom and/or policy adopted by THE CITY OF NEW YORK.

42. That the deprivation of plaintiff's constitutional rights was the result of the City of New York's custom and/or policy on using excessive force against innocents.

43. That the deprivation of plaintiff's constitutional rights was the result of the City of New York's custom and/or policy of unlawfully stopping and frisking citizens in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband.

44. That the deprivation of plaintiff's constitutional rights was the result of the City of New York's custom and/or policy of arresting innocent persons in order to meet productivity goals.

45. That the deprivation of plaintiff's constitutional rights was the result of the City of New York's custom and/or policy of wrongfully arresting minority individuals.

46.        That the deprivation of plaintiff's constitutional rights was the result of the City of New York's custom and/or policy of manufacturing evidence against individuals.

47. That the deprivation of plaintiff's constitutional rights was the result of the City of New York's custom and/or policy of assaulting, battering, falsely arresting and imprisoning individuals without probable cause or justification.

48. That the deprivation of plaintiff's constitutional rights was the result of the City of New York's custom and/or policy of failing to discipline officers for falsely and improperly arresting individuals without probable cause or justification.

49. That the deprivation of plaintiff's constitutional rights was the result of the City of New York's custom and/or policy of performing improper searches and seizures.

50. That the said customs and/or policies may be inferred from the existence of other similar civil rights actions that have been brought against The City of New York.

51. That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, has suffered and continues to suffer serious and extreme mental and emotional anguish, distress and psychological damages and difficulties, some of which injuries are permanent in nature and duration, and plaintiffs will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiffs incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiffs have suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiffs will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to plaintiffs' great damage.

52. That on or about June 29, 2013, in violation of the rights, privileges and immunities guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and under the color of State law, the defendants acted individually and in concert causing the plaintiff to have been injured and damaged in an

amount exceeding the jurisdictional limit of this Court, to be determined upon the trial of this action.

## SECOND CAUSE OF ACTION:
## (FALSE ARREST AND IMPRISONMENT
## OF PLAINTIFF STEVEN BYRD)

53. Plaintiff, **STEVEN BYRD,** repeats and realleges each and every allegation contained herein, as though the same were set forth at length.

54. On or about June 29, 2013, in the vicinity of Dearborn Ct & Crown Street, County of Kings, City and State of New York, the defendants, their agents, servants and/or employees wrongfully and falsely arrested, imprisoned and detained plaintiff **STEVEN BYRD,** without any right or grounds therefore.

55. That on or about June 29, 2013, the defendants wrongfully and falsely accused the plaintiff **STEVEN BYRD** with Violation of §221.05 and 240.20(1) of Penal Law of the State of New York and violation §19-176(b) of the Administrative Code.

56. That the said arrest and imprisonment was caused by the defendants, their agents, servants and/or employees without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff, **STEVEN BYRD** was in fact guilty of such crimes.

57. On or about June 29, 2013, the defendants and each of them acting individually and in concert and while on duty, arrested, detained and imprisoned the plaintiff even though the defendants knew or should have known that the plaintiff **STEVEN BYRD** was wholly innocent of the criminal charges then and there filed against him.

58. While plaintiff was so engaged, as aforesaid, the defendants, their agents, servants and employees, wrongfully and unlawfully, against the plaintiff's wishes, without probable or reasonable cause, and on the sole charge, then made, charged that plaintiff violated §221.05 and 240.20(1) of Penal Law of the State of New York and violation §19-176(b) of the Administrative Code, arrested and imprisoned the plaintiff and with full force of arms, they forcibly and violently seized, assaulted and laid hold of and compelled them to go with the said defendant police officers to be detained and imprisoned at the 71st Precinct, County of Kings, City and State of New York, and continuing to other places and times.

59. That at all times relevant hereto, the defendants owed a duty directly to plaintiff to conform their conduct to a standard established by law for the protection of plaintiff.

60. That at all times relevant hereto, the defendants failed to act, protect and safeguard the plaintiff.

61. That at all times relevant hereto, the defendants breached their duty owed directly to the plaintiff which endangered the plaintiff's physical safety.

62. That the defendants, their agents, servants and/or employees acting within the scope of their authority and within the scope of their employment, detained and imprisoned the plaintiff even though the defendants, their agents, servants and/or employees had the opportunity to know or should have known, that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the plaintiff, directed that the plaintiff be searched and placed in confinement at said locations.

63. That the plaintiff was wholly innocent of the said criminal charges and did not contribute in any way to the conduct of the defendants, their agents, servants and/or employees and were forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

64. That as a result of the aforesaid accusations made by the defendants, their agents, servants and/or employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was prosecuted.

65. That the defendants, their agents, servants and employees, as set forth on the aforementioned date, time and place, intended to confine the plaintiff; in that the plaintiff was conscious of the confinement; plaintiff did not consent to the confinement; and that the confinement was not otherwise privileged.

66. That by reason of the false arrest, imprisonment and detention of the plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted with various crimes, and greatly injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting their necessary affairs and business and he was caused to suffer much pain in both mind and body, the loss of employment and the loss of employment opportunities.

67. That by reason of the foregoing, the plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, have suffered and continue to suffer serious and extreme mental and emotional anguish, distress and psychological

damages and difficulties, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to plaintiff's great damage.

68. By reason of his false arrest and imprisonment, and the violation of the 24-hour arraignment rule, the plaintiff has been damaged in an amount exceeding the jurisdictional limit of this Court, to be determined upon the trial of this action.

### THIRD CAUSE OF ACTION:
### (MALICIOUS PROSECUTION OF
### PLAINTIFF STEVEN BYRD)

69. Plaintiff **STEVEN BYRD,** repeats and realleges each and every allegation contained herein, as though the same were set forth at length herein.

70. That on or about June 29, 2013, at approximately 11:15 p.m. of that day, while plaintiff was lawfully and properly in the vicinity of Dearborn Ct & Crown Street, County of Kings, City and State of New York, and at subsequent times thereafter, including but not limited to the 71st Precinct, Central Booking and at a detention cell at the Criminal Court Building, County of Kings, City and State of New York, the defendants, their agents, servants and employees maliciously prosecuted and detained plaintiff **STEVEN BYRD**, without any just right or grounds therefore.

71. That the plaintiff was and is wholly innocent, and was forced by the defendants to submit to court proceedings.

72.  That the defendants, their agents, servants and/or employees, falsely and maliciously and without probable cause or provocation charged the plaintiff with violation of §221.05 and 240.20(1) of Penal Law of the State of New York and violation §19-176(b) of the Administrative Code.

73.  That the defendants, their agents, servants and/or employees acting in the performance of their employment and within the scope of their authority, testified falsely and withheld vital information before a Judge of the Criminal Court of the City of New York, County of Kings.

74.  That upon examination, the said charges were falsely and maliciously made. That the Judge of the Criminal Court of the City of New York, County of Kings dismissed said charges.

75.  That the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and/or employees unlawfully and maliciously and without any reasonable or probable cause whatsoever; that the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause, with actual malice and was terminated in favor of the plaintiff.

76.  That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and vocation, was injured in his reputation in the community and the said plaintiff has been otherwise damaged.

77.  As a result of the aforesaid malicious prosecution, the plaintiff, **STEVEN BYRD** has been damaged in an amount exceeding the jurisdictional limit of this Court, to be determined upon the trial of this action.

### FOURTH CAUSE OF ACTION:
### (ASSAULT AND BATTERY OF STEVEN BYRD)

78.  Plaintiff, **STEVEN BYRD**, repeats and realleges each and every allegation contained herein, as though the same were set forth at length herein.

79.  On or about June 29, 2013, in the vicinity of Dearborn Ct & Crown Street, County of Kings, City and State of New York, the plaintiff **STEVEN BYRD** was assaulted and battered by the defendant police officers and/or others acting in concert with them.

80.  The force used in the course of his arrests by the defendant Officers was excessive, unnecessary, unwarranted and violent.

81.  As a result of the defendant officers' aforementioned assault and battery of the plaintiff **STEVEN BYRD**, plaintiff has been damaged in an amount exceeding the jurisdictional limit of this Court to be determined in a trial of this action.

### FIFTH CAUSE OF ACTION:
### (COMMON LAW NEGLIGENCE

82.  Plaintiff **STEVEN BYRD**, repeats and realleges each and every allegation contained herein, as though the same were set forth at length herein.

83.  The defendant, **CITY OF NEW YORK**, was negligent in its operation, management, supervision and control of their Police Department; in not providing adequate training of defendant police officers while at the Police Academy; in their supervision of defendant police officers while assigned to precincts; in failing to provide

17

adequate supervision of defendant police officers during their training at the Police Academy.

84.     That the defendants had a duty to use reasonable care in the stopping, detaining and arrest of plaintiff.

85.     That the defendants had a duty to ensure plaintiff was safely stopped, detained and arrested.

86.     The defendant **P.O. BEERS (TAX. REG. #945498)** was negligent in failing to use reasonable care in the detainment, confinement and prosecution of the plaintiff, **STEVEN BYRD** on or about June 29, 2013.

87.     That by reason of the foregoing, the plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, has suffered and continues to suffer serious and extreme mental and emotional anguish, distress and psychological damages and difficulties, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to plaintiff's great damage.

88.     By reason of the negligence of the defendants, the plaintiff **STEVEN BYRD,** has been damaged in an amount exceeding the jurisdictional limit of this Court, to be determined upon the trial of this action.

### SIXTH CAUSE OF ACTION:
### PLAINTIFF STEVEN BYRD'VIOLATION OF RIGHT TO
### BE FREE FROM UNREASONABLE SEARCHES
### AND SEIZURES UNDER THE CONSTITUTION
### OF THE STATE OF NEW YORK

89.     Plaintiff, **STEVEN BYRD,** repeats and realleges each and every allegation contained herein as though the same were set forth at length herein.

90.     On or about June 29, 2013, in the vicinity of Dearborn Ct & Crown Street, County of Kings, City and State of New York, in violation of the rights, privileges and immunities guaranteed to him under the Constitution of the State of New York, the plaintiff **STEVEN BYRD,** was unlawfully searched and seized by the defendant police officers and/or others acting in concert with them, when said defendant police officers and/or others acting in concert with them, and each of them acting individually and in concert, while on duty, detained and searched the plaintiff **STEVEN BYRD,** even though the defendants knew or should have known that the plaintiff was wholly innocent.

91.     That by reason of the foregoing, the plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, have suffered and continue to suffer serious and extreme mental and emotional anguish, distress and psychological damages and difficulties, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings

from employment; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to plaintiff's great damage.

92.     That by reason of his unlawful search and seizure, the plaintiff, **STEVEN BYRD,** has been damaged in an amount exceeding the jurisdictional limits of this Court, to be determined upon the trial of this action.

**WHEREFORE**, plaintiff demands judgment against the defendants on Each Cause of Action in amounts to be determined upon the trial of this action, together with interest and the costs and disbursements of this action.

Additionally, plaintiffs demand in respect of all Causes of Action, the additional total sum of **$5,000,000.00** in punitive damages and attorney fees pursuant to 42 U.S.C.§1988.

Dated:    New York, New York
          December 2, 2013

Yours, etc.

**BURNS & HARRIS, ESQ.**
**Attorneys for Plaintiff**

BY: _____
    CHRISTOPHER J. DONADIO
    233 Broadway, Suite 900
    New York, NY  10279
    212 393-1000

RE:   STEVEN BYRD

### ATTORNEY VERIFICATION

**CHRISTOPHER J. DONADIO, ESQ.**, an attorney duly admitted to practice law in the Courts of the State of New York, shows:

I am the attorney for the plaintiff in the within action and have read the foregoing COMPLAINT the contents thereof; the same is true upon information and belief.

This verification is made by this affirmant and not by said plaintiff because said plaintiff reside(s) in a County other than the County wherein your affirmant maintains her office.

The grounds of affirmant's knowledge and belief are as follows: Conference with clients and notes and records contained in the file maintained in the regular course of business.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
       December 2, 2013

CHRISTOPHER J. DONADIO

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                                                    Index #
---------------------------------------------------------------------------x
**STEVEN BYRD**

                                        Plaintiff


            Against


THE CITY OF NEW YORK,
P.O. BEERS (Tax. Reg. #945498),



                                    Defendants
---------------------------------------------------------------------------x




---

**SUMMONS AND
VERIFIED COMPLAINT**

---


**BURNS & HARRIS, ESQS.**
**Attorneys for Plaintiff**
**Office & P. O. Address**
**233 Broadway, Suite 900**
**New York, NY  10279**
**212 393-1000**
**Fax: 212 267-2110**